## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HARVEY D BARBER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-132-F** |
| | ) | |
| **CANADIAN COUNTY JAIL, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee[1] appearing *pro se* and *in forma pauperis,* brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, it is recommended that this action be summarily **DISMISSED.**

### I.    BACKGROUND

Plaintiff purportedly brings this action against the Canadian County Jail ("Jail") and Randall R. Edwards, Sheriff, Guy Ellison, Jail Administrator, Amy Hudson, Nurse, and "Sgt. Rogers, Kitchen Supervisor." (ECF No. 1:1-3). Plaintiff sets forth the following claims in his Complaint (ECF No. 1):

---

[1] A check of the Oklahoma Department of Corrections website shows that Plaintiff is not currently in its custody, and so it appears that Plaintiff is a pretrial detainee. ODOC Inmate Locator, http://docapp065p.doc.state.ok.us/servlet/page?_pageid=393&_dad=portal30&_schema=PORTAL30&SearchMode=Basic&first_name=Harvey&last_name=Barber&SearchAll=ALL (accessed March 19, 2015).

(1)  "Medical – Health Services"

Supporting Allegations:

a.  Jailers pass out medication and check inmates' blood pressure, including Plaintiff's, rather than it being handled exclusively by medical staff;

b.  Officials allow diabetic patients to inject their own insulin and without first checking blood sugar levels;

c.  Upon being booked into the Jail, Plaintiff had to wait seven days before being seen by a nurse and begin receiving blood pressure medication;

d.  Plaintiff has only been examined by a nurse and not a doctor;

e.  Defendant Hudson, a nurse, does not wear a name tag that includes her medical credentials;

f.  Defendant Hudson only works Monday through Friday from 9 a.m. to 5 p.m. and the Jail does not have medical personnel present during the evening or weekends;

g.  One diabetic inmate did not have his blood sugar level checked from November 24, 2014 to December 10, 2014;

h.  Upon booking people into the Jail, officials do not check vital signs; do not perform testing for tuberculosis, HIV or psychiatric evaluations; do not require new inmates to shower even though they "could have crabs";

i.  Sick calls are not answered timely and the physician only sees inmates every two weeks, if that;

j.  Nurse Hudson prescribes medication for inmates;

k.  Nurse's station does not include medical equipment, examination bed or IV fluids;

l.  On January 22, 2015, Plaintiff told Defendant Clayton that he was having chest pains and dizziness and Defendant Clayton did not allow him to see a nurse to check his blood pressure;

m. Also on January 22, 2015, one inmate got disinfectant in his eyes and did not receive medical attention.

(2)  "Meals – Unbalanced"

Supporting Facts:

a.  Defendant Rogers, kitchen supervisor, does not fully evaluate inmates prior to hiring them to work in the kitchen; some inmates on kitchen duty have had staph infection and strep throat;

b.  The Jail served the same meal for breakfast eight days in a row;

c. The Jail served the same meal for dinner eight days in a row;
d. Meals do not always include meat;
e. Plaintiff has only had meatloaf one time since being in the Jail;
f. The trays are not properly sanitized.

(3) "Cruel and Unusual Punishment"

Supporting Facts:

a. Inmates are charged $5.00 for weekly toilet paper, razors and cups;
b. No indigent envelopes are provided;
c. Mattresses are not sanitized and cleaned between inmate departure and arrival;
d. The Jail does not have a grievance procedure;
e. Inmates are not given privacy during showers, no shower curtains, and male and female jailers can see them shower;
f. No privacy when using the toilets;
g. No recreation time;
h. Inmates do not receive receipts for money they receive from outside parties nor for money spent on indigent supplies;
i. No officer is on duty in the pod so that if a riot broke out, officials would have no way to contain the situation because "theirs [sic] no way to shoot tear gas on these pods";
j. The cell doors do not have tray slots or bean holes;
k. No sheets for the mattresses;
l. Showers have only lukewarm water;
m. Inmates cannot buy bowls, cups or spoons;
n. No access to law library;
o. Medical shower stools are not provided to disabled inmates.

(ECF No. 1:2, 6-8).

## II. SCREENING REQUIREMENT

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## III. DISCUSSION

### A. Claims against Canadian County Jail

First, it is recommended that any claims against the Canadian County Jail be dismissed. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. Thus, the Canadian County Jail cannot be sued in this Court and any claims against it should be dismissed with prejudice. *Lindsey v. Thomson,* No. 06–7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department because they are entities with no apparent legal existence); *see e.g. White v. Utah,* No. 00–4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (affirming dismissal of county jail because no state law supported directing a cause of action directly against a county's subdivisions, including its jails).

### B. Claims on Behalf of Other Inmates

Plaintiff asserts several claims on behalf of other inmates who are not parties to this action. For example, Plaintiff alleges that: (1) Diabetic patients have to inject their own insulin and without first checking blood sugar; (2) One inmate got disinfectant in his eye and was not given medical attention; (3) Shower stools are not provided to disabled inmates. However, an action brought under Section 1983 must be based on a violation of Plaintiff's personal rights and not on the rights of someone else. *Swoboda v.*

*Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993) (holding that Section 1983 plaintiff lacks standing to bring claims on behalf of others) (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990). Thus, the undersigned finds that those claims raised on behalf of other inmates or based on events that involved other inmates, and not Plaintiff, should be dismissed with prejudice.

### C. Medical Claims

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on denial of necessary medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the ... deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez,* 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.

2000) (internal quotations omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (internal quotations omitted)).

Plaintiff's assertion that jailers, rather than specific medical staff, dispensed his medication and checked certain vital signs is insufficient to establish deliberate indifference as he has not alleged that he suffered any physical injury. *See Williamson v. Miller*, No. CIV 07-167-RAW-SPS, 2009 WL 691899, at *4 (N.D. Okla. March 16, 2009) (citing *Reyes v. Hale County Jail*, No. 03-CV-180-C, 2003 WL 22670929, at *3 (N.D. Tex. Sept. 16, 2003) (plaintiff's allegations that fellow inmate was allowed to pass out medications did not demonstrate deliberate indifference, and the plaintiff failed to make an adequate showing of physical injury); *Mounce v. Harris*, No. 04-CV-550-KKC, 2006 WL 133571, at *14 (E.D. Ky. Jan. 17, 2006) (plaintiff who alleged the defendants failed to ensure that qualified jail officials administered his medications must demonstrate an injury as a result of the alleged deprivation); *Croney v. Fletcher*, No. 07-CV-42-KKC, slip op., 2008 WL 45413, at *2 (E.D. Ky. Jan. 2, 2008) (plaintiff's allegations that medications were given to him by jail staff, rather than by trained medical professionals, did not state a claim under § 1983, absent any showing of physical injury)). Plaintiff's complaint regarding the dispensing of medication appears to be merely his own objection to this procedure rather than a basis to find that

Defendants have exhibited deliberate indifference to his health or safety. Thus, these claims should be dismissed.

Plaintiff also complains that upon being booked into the Jail, he had to wait seven days before he saw a nurse and began receiving his blood pressure medication. He also asserts a conclusory allegation that sick calls are not timely answered. Importantly, however, a delay in the receipt of medical treatment does not equate to a denial of medical treatment. When a plaintiff alleges that treatment is merely delayed and not denied, the plaintiff must allege that the delay itself causes "substantial harm." *Mata*, 427 F.3d at 751. To assert "substantial harm," a plaintiff must allege some lifelong handicap or permanent loss. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Plaintiff has alleged neither a lifelong handicap nor permanent loss arising from the delay in treatment. Accordingly, this claim should also be dismissed.

Plaintiff's remaining allegations in support of his medical related claims are also insufficient to establish a violation of his Eighth Amendment rights. Plaintiff states that upon booking people into the Jail, officials do not check vital signs, nor screen for tuberculosis or HIV. He also complains that inmates should be required to shower when they arrive because "they could have crabs." Finally, Plaintiff contends that Defendant Nurse Hudson does not wear a name tag that includes her medical credentials, there is not a medical official on staff in the evening nor on weekends, and the nurse's station does not include an examination bed or IV fluids. Plaintiff does not indicate these alleged conditions and/or policies have caused him injury. *See Estelle*, 429 U.S. at 104.

Nor has he alleged facts that make it seem likely that these conditions could result in irreparable harm. *See Martinez*, 430 F.3d at 1304. Thus, these allegations are not sufficient to establish deliberate indifference under the Eighth Amendment and these claims should be dismissed without prejudice.

### D. Claims regarding meals

Plaintiff's allegations related to kitchen service and meals also fail to rise to the level of an Eighth Amendment violation. "A prison must provide adequate food and medical care to inmates, and the food must be nutritionally adequate." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (citations and internal quotation marks omitted). "A *substantial* deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *See id.* (emphasis added, citation omitted). Plaintiff's complaints regarding the monotonous nature of meals served, lack of meat servings, only having meatloaf one time thus far during his incarceration, and inadequately sanitized trays are not sufficient to support a constitutional violation. "[W]hile the Eighth Amendment guarantees that inmates will receive the basic necessity of nutritionally adequate food, *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006), they are not entitled to the "amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

Plaintiff also complains that inmates who work in the kitchen are not screened for illness. Even if true, this does not constitute a denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. *See also Reynolds v. Powell*, 370

8

F.3d 1028, 1031 (10th Cir. 2004) (holding that exposure to hazards faced daily by members of the public at large do not constitute a violation of the Eighth Amendment); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir.2004) (holding that the possibility of a food worker being ill "is the type of risk many encounter voluntarily ... and exposure to it in moderate levels is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual."). For these reasons, Plaintiff's second claim should be dismissed.

### E. Claims regarding Jail Conditions

Finally, in Plaintiff's third claim, he asserts that the general conditions of confinement at the Jail constitute cruel and unusual punishment. Specifically, Plaintiff complains that he is charged $5.00 for weekly toilet paper, razors and cups, that mattresses are not sanitized, he does not have bedding, the Jail does not provide receipts for financial transactions, no officer on duty in the pod, no privacy when using the restroom or taking showers, and shower water is lukewarm. (ECF No. 1:8).

Plaintiff's general complaints suggest negligence, if even that, rather than a "wanton and obdurate disregard for inmate health and safety." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (quotations omitted). Plaintiff does not allege how any of the challenged conditions have created an "unconstitutionally high exposure to illness or

9

F.3d 1028, 1031 (10th Cir. 2004) (holding that exposure to hazards faced daily by members of the public at large do not constitute a violation of the Eighth Amendment); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir.2004) (holding that the possibility of a food worker being ill "is the type of risk many encounter voluntarily ... and exposure to it in moderate levels is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual."). For these reasons, Plaintiff's second claim should be dismissed.

### E. Claims regarding Jail Conditions

Finally, in Plaintiff's third claim, he asserts that the general conditions of confinement at the Jail constitute cruel and unusual punishment. Specifically, Plaintiff complains that he is charged $5.00 for weekly toilet paper, razors and cups, that mattresses are not sanitized, he does not have bedding, the Jail does not provide receipts for financial transactions, no officer on duty in the pod, no privacy when using the restroom or taking showers, and shower water is lukewarm. (ECF No. 1:8).

Plaintiff's general complaints suggest negligence, if even that, rather than a "wanton and obdurate disregard for inmate health and safety." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (quotations omitted). Plaintiff does not allege how any of the challenged conditions have created an "unconstitutionally high exposure to illness or

9

injury." *See Barney*, 143 F.3d at 1312, n.14. Nor does he cite instances of him or other inmates becoming sick or injured as a result of the conditions underlying his complaints. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). *Compare Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (allegations that prisoner was placed in his bare feet in a cell without a toilet for five hours was insufficient to demonstrate sufficiently serious deprivations); *Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (finding no Eighth Amendment violation when prison officials failed to provide a prisoner with toilet paper for five days, and soap, a toothbrush, and toothpaste for ten days).

In sum, the undersigned finds Plaintiff has not alleged sufficient facts to establish either a sufficiently serious deprivation by, or deliberate indifference on the part of, any named defendant. Plaintiff must allege that the deprivations were extreme, and that he was "denied a minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). With this consideration, the undersigned finds that Plaintiff's allegations fail to state a valid claim for relief and should therefore be dismissed.

Plaintiff also argues that his constitutional rights have been violated based on his denial of recreation time.

> There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates, and some courts have held a denial of fresh air and exercise to be cruel and unusual punishment under certain circumstances. *None, however, has ruled that such a denial is per se an Eighth Amendment violation*.

10

*Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) (per curiam) (citations omitted) (emphasis provided).

According to his Complaint, Plaintiff has been at the Jail since November 24, 2014. (ECF No. 1:6). The Tenth Circuit has found no constitutional violation with much longer denials of outside recreation, and the undersigned thus recommends that the court dismiss this claim with prejudice. *See Ajaj v. United States*, 293 F. App'x 575, 584 (10th Cir. 2008) (holding that a "deprivation of outdoor recreation [for one year] is not sufficiently serious to implicate the Eighth Amendment").

Plaintiff also complains that the Jail does not have a grievance procedure. Even if this is true, it does not by itself provide a basis for a constitutional claim. Grievance procedures do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights. *Murray v. Albany Cnty. Bd. of Cnty. Comm'rs*, No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000). ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Further, a state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *Boyd v. Werholz*, 443 F. App'x 331, 332 (10th Cir. 2011) (citing *Bingham v. Thomas,* 654 F.3d 1171, 1177–78 (11th Cir.2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley,* 997 F.2d at 495 (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right

upon the inmates. Hence, it does not give rise to a protected liberty interest ....")). *See also Spry v. McKune*, 479 Fed. App'x 180, 181 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's due process claim premised upon unavailability of administrative remedy for failure to state a claim upon which relief can be granted). Accordingly, the undersigned recommends dismissal of Plaintiff's claim based on the alleged lack of grievance procedure at the Jail.

Finally, Plaintiff states that he is denied access to the law library "to fight [] cases and file motions." (ECF No. 1:8). The Fourteenth Amendment guarantees Plaintiff "the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (internal citations omitted). However, "restricted access to the law library is not *per se* denial of access to the courts." *Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978). Thus, to prevail on his claim, Plaintiff must allege an "actual injury*." Lewis v. Casey*, 518 U.S. 343, 351; *see Trujillo*, 465 F.3d at 1226 (holding that to prevail on a claim involving court access, plaintiff " 'must show that any denial or delay of access to the court prejudiced him in pursuing litigation'" (internal citations omitted)).

Plaintiff has made no allegation of any actual injury as a result of his lack of access to a law library. Thus, the claim is subject to dismissal even assuming his allegations are true and accurate. *See Farrell v. Campbell*, 6 F. App'x 830, 832 (10th Cir. 2001) ("Because Mr. Farrell has not alleged sufficient injury from the alleged inadequate

access to the [law library], his allegations fail to state a claim upon which relief may be granted.").

## IV.    RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915. Plaintiff's claims asserted against Defendant Canadian County Jail and any claims asserted on behalf of other inmates should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's remaining claims should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **April 17, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on March 31, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE